RONALD H. SARGIS
ERIC J. NIMS TRUSTEE
P.O. BOX 873
LINDEN, CA 95236
209-887-3585

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### MODESTO DIVISION

| | |
|---|---|
| In Re: § § WASHBURN, THOMAS GERSON § § Debtor § § | Case No. 11-91064 RHS |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ERIC J. NIMS TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

        United States Bankruptcy Court
        1201 I Street
        Suite 4
        Modesto, CA 95354

    Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 01/25/2021          By: ERIC NIMS

*ERIC J. NIMS TRUSTEE*
*P. O. BOX 873*
*LINDEN, CA 95236*

UST Form 101-7-NFR (10/1/2010) *(Page: 1)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISION

In Re: §
§
WASHBURN, THOMAS GERSON § Case No. 11-91064 RHS
§
Debtor §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 80,130.15 |
| and approved disbursements of | $ | 35,166.20 |
| leaving a balance on hand of[1] | $ | 44,963.95 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: ERIC J. NIMS TRUSTEE | $ 5,688.02 | $ 0.00 | $ 5,688.02 |

| | | |
|---|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ | 5,688.02 |
| Remaining Balance | $ | 39,275.93 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Prior Chapter Attorney for Trustee Fees (Trustee Firm): MEEGAN HANSCHU & KASSENBROCK | $ 4,320.00 | $ 4,320.00 | $ 0.00 |
| Prior Chapter Attorney for Trustee Expenses (Trustee Firm): MEEGAN HANSCHU & KASSENBROCK | $ 96.20 | $ 96.20 | $ 0.00 |

Total to be paid for prior chapter administrative expenses $ 0.00

Remaining Balance $ 39,275.93

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 25,262.60 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | CANVAS CREDIT UNION | $ 859.84 | $ 0.00 | $ 859.84 |
| 000002 | CANVAS CREDIT UNION | $ 9,620.87 | $ 0.00 | $ 9,620.87 |
| 000003 | CANVAS CREDIT UNION | $ 10,177.60 | $ 0.00 | $ 10,177.60 |
| 000004 | PYOD, LLC | $ 4,604.29 | $ 0.00 | $ 4,604.29 |

|  |  |  |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 25,262.60 |
| Remaining Balance | $ | 14,013.33 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.3 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 1,430.40 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

Prepared By: /s/ERIC NIMS

*ERIC J. NIMS TRUSTEE*
*P. O. BOX 873*
*LINDEN, CA 95236*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.